*557
 
 ON APPLICATION FOR ADMISSION TO THE BAR
 

 PER CURIAM.
 

 | petitioner, John Murray Gavin, is an attorney licensed to practice law in the State of Minnesota. When petitioner applied to take the Louisiana Bar Examination, he was advised by the Committee on Bar Admissions (“Committee”) that he could not sit for the exam on character and fitness grounds stemming from a 2006 incident in which he used racial epithets toward two employees of DePaul University College of Law. Moreover, in the course of proceedings conducted by DePaul against petitioner under its Anti-Discrimination and Harassment Policy, he falsely denied making the offensive statements, which the Committee noted established petitioner’s “lack of remorse or accountability.” We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.
 
 In re: Gavin,
 
 07-1484 (La.7/17/07), 959 So.2d 893.
 

 Petitioner thereafter successfully passed the essay portion of the bar exam. On petitioner’s application to this court, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence.
 

 During the character and fitness hearing, the commissioner received documentary evidence and heard testimony given by petitioner and a witness. Following the proceedings, the commissioner filed his report with this court, 12recommending that petitioner be denied admission to the practice of law. Petitioner did not object to that recommendation.
 

 The testimony at the hearing focused primarily on two issues: the incident at DePaul in 2006, which ultimately resulted in a determination by the university that petitioner engaged in race-based harassment of two employees of the College of Law; and petitioner’s lack of candor. With regard to the latter issue, it was revealed that petitioner failed to disclose several prior arrests and criminal convictions when he applied to law school in 1995. Petitioner acknowledged during the hearing that these omissions were knowingly and intentionally made because he feared he would not be admitted to law school in the face of an accurate disclosure. Moreover, petitioner acknowledged that within days after submitting his law school application he was arrested and charged with DWI; nevertheless, he did not update his application, although he had signed an acknowledgment of his obligation to do so. Petitioner finally updated his law school application in 1996, at the end of his first year of law school, but the information he provided was untruthful and incomplete.
 

 Under the circumstances, there can be no doubt that petitioner has demonstrated a lack of candor which reflects adversely on his character and fitness. The incident at DePaul further underscores petitioner’s lack of fitness to practice law. Not only did petitioner utter derogatory and offensive comments which have no place in the practice of law, he continued in his pattern of lack of candor by denying throughout the DePaul proceedings that he made the comments in the first instance. We therefore conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(D).
 

 
 *558
 
 13Accordingly, it is ordered that the application for admission be and hereby is denied.
 

 ADMISSION DENIED.